THE CENTRAL RAILROAD & BANKING CO. v. BAYER & SON.

1. In an action for damage to goods transported over connecting railroads, brought under section 2084 of the code, against the last company that received the goods as "in good order," it is not necessary, in order to authorize a recovery, that the plaintiff shall introduce in evidence the bill of lading given by the initial company.

2. Where on the trial of such a case the proof showed that the goods were received from the shipper by the initial company at Charleston, S. C., and loaded in one of its cars, to be conveyed to Macon, Ga., and the car containing them was delivered to the consignee "at the old court-house square on the defendant's railroad" at Macon, it was not error to refuse a nonsuit on the ground that there was no evidence connecting the defendant with the shipment. The jury might reasonably infer from this evidence that the defendant had received the goods from the connecting carrier, and transported them over its own line, and was in possession of them when the consignee received them.

3. Goods received by a railroad company from a connecting line and carried over its own road, are presumed to have been received as "in good order," if nothing appears to the contrary. *Central R. Co.* v. *Rogers*, 66 *Ga.* 251.                    *Judgment affirmed.*

December 6, 1892.

Before Judge Ross. City court of Macon. June term, 1892.

Action for damages against the Central Railroad Co., by the shippers of a car-load of bananas, alleging that

on the 23d of January, 1891, they delivered the bananas to the Charleston & Savannah Railway Co., at Charleston, South Carolina, to be delivered at Macon, Ga., to Sewell, plaintiffs' agent; that the car did not reach Macon until the 29th of January, when the bananas were greatly damaged; that the car was brought to Macon by the defendant over its line of railroad, and it was the last road or common carrier in the chain of connecting roads or carriers that transported the car; that it received the car of bananas as in good order from its connecting road; and that it was grossly negligent in transmitting the same, in that, whereas the car should have been transported to Macon in thirty-six hours, it did not reach Macon until four days after it was delivered to the defendant. It was further alleged that when the bananas left Charleston, they were in perfect condition and properly packed and stored for shipment; and that the damage occurred without fault of plaintiffs. Upon the introduction of the evidence, the defendant moved for a nonsuit; the motion was overruled, and exception was taken.

The first ground for nonsuit was, that the plaintiffs could not recover without accounting for the bill of lading under which the shipment was made, or putting it in evidence. The testimony on this subject was by Sewell, to wit: I had a bill of lading for these goods; can't tell where it is now. It specified the terms of the shipment, what goods were shipped, when shipped, and the condition. I may probably have it amongst my papers; think I sent it to plaintiffs, as we usually put in the bill of lading with the claim; think very probably I sent it back to them; have no recollection about it.

The other ground was, that there was no evidence connecting the defendant with the shipment, or that it was guilty of any negligence in its transportation, and that under the evidence the plaintiffs were not entitled

to a recovery. Sewell testified that the bananas were delivered to him at the old court-house square, they call it, on the Central railroad, on the 29th of January; that they had been delayed for six days on the road, and should have been delivered at least three days earlier; that two and a half days, or three at the outside, is a reasonable time for the transportation from Charleston to Macon; that the bananas were the property of plaintiffs who shipped them to him as agent to sell for them; and that they were delivered to him and received by him in the car; he cannot swear whether he examined them on the 28th or not, and does not remember whether or not he opened the car on that day; after examining an affidavit, he swears that the car-load was received on the 29th, etc. Egan, a clerk for the plaintiffs, testified that the car-load of bananas was first quality, in perfect condition for shipment, and carefully selected and shipped; they were packed with hay in sufficient quantity on the floor and around the sides of the car, by a man of thirty years experience in such business; and that the car was delivered to the Charleston & Savannah Railway Company at its depot on the 23d of January, 1891. There was further testimony showing the extent of the damage to the fruit by being kept too long in the car.

R. F. LYON, for plaintiff in error.

LANIER, ANDERSON & ANDERSON, by brief, *contra*.