1748.  SOUTHERN RAILWAY COMPANY *v.* NAILON.

It appearing from testimony to which no objection was offered that the articles for the loss of which the action was brought were a part of a single shipment delivered by the plaintiff to a railroad in another State, which physically connects with the tracks of the defendant company, and it further appearing that a portion of the shipment was delivered at destination by the defendant as the last connecting carrier, the evidence was sufficient to authorize the inference that the defendant received the entire shipment, and to cast upon it the burden of showing that it had in fact never received, or had not received in good order, the portion of the shipment for the non-delivery of which the plaintiff sought to hold the defendant liable. In the absence of any evidence rebutting the presumption arising from the carrier's delivery of only a portion of the single shipment, the jury were authorized to find for the plaintiff, as against the last connecting carrier, the proved value of that portion of the same shipment which was not delivered.

Appeal; from Whitfield superior court—Judge Fite.    January 10, 1909.

Submitted May 5, 1909.—Decided February 22, 1910.

*J. M. Rudolph, Maddox, McCamy & Shumate,* for plaintiff in error.

*M. C. Tarver,* contra.

RUSSELL, J.   Nailon sued the Southern Railway Company for $55.75, as the value of one box of goods alleged to have been shipped from Snyder, Oklahoma, to Dalton, Georgia.    The plaintiff, who was the only witness, testified, that he delivered four boxes of household goods to a railroad at Snyder, Oklahoma, and that only three of the boxes were delivered to him by the Southern Railway Company at Dalton, Georgia; and while he was unable to say what railroad he delivered the goods to in Oklahoma, he testified that it was the one which issued the bill of lading to him. It furthermore appears, from the record, that the "plaintiff tendered in evidence bill of lading by St. Louis & San Francisco Railroad Company to S. D. Nailon, and the freight bill issued by R. C. Craig, agent of the Southern Railroad, at Dalton, Georgia." And the bill of lading issued by the St. Louis & San Francisco Railroad Company to the plaintiff, as it appears in the record, covers a shipment of three boxes of household goods and one can of lard. While this paper is not properly incorporated in the brief of evidence, its contents are sufficiently shown by evidence not objected to on the trial.    The bill of lading need not have been introduced by

the plaintiff.  *Central Railroad Co.* v. *Bayer,* 91 *Ga.* 115 (16 S. E. 953).  The fact that the Southern Railway Company delivered to the plaintiff at Dalton two of the boxes of goods described in the bill of lading raises a presumption that it received the entire shipment included in the bill of lading.  Furthermore, the acceptance by the Southern Railway Company of the extra freight charges upon the entire shipment is a quasi admission that it received the entire shipment of goods from its connecting carrier.  And acceptance for shipment raises the presumption that the goods were received in good order.  *Central Railroad* v. *Bayer,* supra.  It is true that a shipper must in some way show that the carrier has either actually or constructively received the shipment, before he can hold the carrier liable for failure to deliver it, but this fact, as any other, may be satisfactorily established by circumstantial evidence as well as by direct proof.

This action was predicated on §2298 of the Civil Code of 1895, and the evidence in the court below was sufficient to authorize the verdict, because of the fact that the shipment was shown to have been an entirety (the plaintiff so testifying without objection); and the jury were authorized to infer from the fact that the Southern Railway Company (as the last connecting carrier) was in possession of a portion of this single shipment, in that it had received the entire shipment.

The inference arising from possession, and from the ability of the defendant to deliver two of the boxes and the can of lard, authorized the presumption that it had also received from its connecting carrier the third box, which was the subject-matter of this suit.  Of course, this presumption can be rebutted.  But as the main purpose of §2298, supra, is to require the carrier to trace the goods, instead of requiring the shipper to do so (*Forrester* v. *Georgia Railroad Co.,* 92 *Ga.* 699 (19 S. E. 811)), when the defendant failed to show that it had not received the missing box it was left without a defense, because it failed to carry the burden which had been shifted to it.  The case of *Ohlen* v. *A. & W. Pt. R. Co.,* 2 *Ga. App.* 324 (58 S. E. 511), is in point, although the suit in that case was not based on §2298.  From what has been said, it will be seen that the judge did not err in the charges of which complaint was made.          *Judgment affirmed.*